THE TITLE GUARANTEE LAND COMPANY

*v.*

THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON et al.

[Decided December 24th, 1909.]

1. As to whether a subsequent legislative act repeals by implication a former one, the canon of construction is: If both acts can stand together both shall stand, but if they are so repugnant to each other that both cannot stand together, the former gives place to the latter.

2. There is no repugnancy beween the act of March 30th, 1886, commonly called the Martin act (*Gen. Stat. p. 3370*), and the act of April 8th, 1903, commonly called the General Tax act (*P. L. 1903 p. 394*), and therefore the latter does not repeal by implication any of the provisions of the former.

3. A sale of land by the city of Paterson under the provisions of the Martin act as amended by the supplement of June 2d, 1905 (*P. L. 1905 p. 497*), is valid.

On final hearing on pleadings and agreed state of facts.

*Mr. Thomas C. Simonton,* for the complainant.

*Mr. Edward F. Merrey,* for the defendants.

WALKER, V. C.

The city of Paterson, under appropriate proceedings, sold a lot or tract of land belonging to the complainant, by virtue of the provisions of the act entitled "An act concerning the settlement and collection of arrearages of unpaid taxes, assessments and water rates or water rents in cities of this state, and imposing and levying a tax, assessment and lien in lieu and instead of such arrearages, and to enforce the payment thereof, and to provide for the sale of lands subjected to future taxation and assessment," approved March 30th, 1886 (*Gen. Stat. p. 3370*), commonly called the Martin act.

The complainant's contention is that the Martin act was repealed by the act entitled "An act for the assessment and collection of taxes," approved April 8th, 1903 (*P. L. 1903 p. 394*), commonly called the General Tax act, and that, therefore, the sale is *ultra vires* and a cloud upon its title, which it seeks to have removed. A companion act to the one last mentioned is the act entitled "An act to repeal sundry acts concerning taxes," also approved April 8th, 1903. *P. L. 1903 p. 436.* The unquestioned object of the latter act was to repeal prior acts inconsistent with the former, and it is significant that it contains no repealer of the Martin act. Besides this repealing act, the General Tax act, in its last section, contains a repealer of all acts, general and special, inconsistent with its provisions; and whether it did so or not, it would operate to repeal all inconsistent provisions in other acts.

The complainant insists that the provisions of the Martin act relating to the collection of taxes in arrears, is, by implication, repealed by the General Tax act, which, among other things, provides a method for the collection of delinquent taxes. The method and character of sale provided for in the General Tax act is to be found in *P. L. 1903 p. 428 § 52,* as amended by *P. L. 1906 p. 387.* There is no substantial change made by the amendment. The provision is that the land shall be sold to such person as will purchase the same for the shortest term, or in fee where no one will bid for a shorter term. As is well known, all sales under the Martin act are made in fee.

As to whether a subsequent act repeals by implication a former one, the canon of construction is: If both acts can stand together both shall stand, but if they are so repugnant to each other that both cannot stand together, the former gives place to the latter.

Let us examine the two acts to see if there be discoverable in them any such repugnancy as will operate as a repeal of the former.

Prior to the passage of the General Tax act of 1903, taxes were assessed and collected in cities of the state under charters, and the provisions of the Martin act were applicable to such municipalities only in case the board having control of their

finances adopted it and put it in force. In other words, it was elective whether or not proceedings for the collection of taxes in arrears be had under the provisions of the Martin act. The General Tax act of 1903 made the proceedings for assessment and collection of taxes uniform throughout the municipalities of the state. And, as already asserted, the latter's companion repealing act did not repeal the Martin act. In this connection it is significant to note that the legislature since the passage of the General Tax act of 1903 has passed six supplements to the Martin act, as follows: March 29th, 1904 (*P. L. 1904 p. 345;* *P. L. 1904 p. 381*); June 2d, 1905 (*P. L. 1905 p. 490; P. L. 1905 p. 497*); May 17th, 1906 (*P. L. 1906 p. 551*); March 10th, 1908 (*P. L. 1908 p. 24*).

The Martin act concerns not alone the settlement and collection of arrearages of unpaid taxes, but also assessments and water rates or water rents, and imposes and levies a tax, assessment and lien in lieu and instead of such arrearages and enforces the payment thereof. Now, to hold that the Martin act was repealed, or, rather, that its tax collecting features were repealed by the General Tax act of 1903, which latter act provides only for the levying and collection of taxes, would be by construction and implication to override the salutary provisions of the Martin act which permit taxes, with assessments and water rates, to be collected together and at the same time. Such a result can only be reached if the provisions of the General Tax act admit of no construction other than the logical repeal, by implication, of the provisions of the Martin act. The omission of any repealer of the Martin act by the legislature of 1903, coupled with the fact that four legislatures since that year have passed supplements to that act, leads to the view that the legislature has at all times considered the Martin act in force and effect, notwithstanding the General Tax act. Then, too, the General Tax act does not legislate upon the whole subject of the Martin act, which is a reason for believing that the legislature did not intend by implication to repeal that act.

A late case on the subject of repeal by implication is that of *Hotel Register Corporation* v. *Stafford*, *70 N. J. Law (41 Vr.)* *528*, opinion by Mr. Justice Pitney, now chancellor. In that

case it was held that a portion of the revised Attachment act, which authorizes the issuance of an attachment against the property of an absconding and non-resident debtor, is not impliedly repealed by section 84 of the revised Practice act, which permits an action to be commenced by attachment in certain cases, and it is said (at *p. 536*) :

"It may further be remarked that section 84 of the Practice act is not by its terms exclusive of the former practice by attachment. It permits but does not require. So far as cases covered by the Attachment act are concerned, it furnishes a concurrent remedy." See, also, *Board of Health* v. *Ihnken, 72 N. J. Eq.* *(2 Buch.) 865.*

Now, if the contention of counsel for the complainant were to be adopted, it would destroy the concurrent remedy given to cities for the collection of taxes in arrears by the adoption of the Martin act in lieu of the proceedings under the General Tax act, and would deprive the cities of the advantage of adjusting arrears of taxes along with arrears of assessments and water rates at the same time. This consequence could not, I think, have been in the legislative mind at the time of the passage of the General Tax act, and as this question of implied repealer is always one of legislative intent, when the intent to repeal is palpably lacking, repeal does not take place. *Board of Health* v. *Ihnken, supra.*

By the supplement to the Martin act, approved June 2d, 1905 *(P. L. 1905 p. 497)*, it is provided that lands may be sold for taxes and assessments levied in any city, and which then were or should thereafter become unpaid and in arrears for the space of two years from and after the time when due and payable, in the discretion and upon the direction of the board having charge of the control of the finances of the city; and the complainant here admits that the sale in question in this cause was lawful, if the act just mentioned is constitutional; but asserts that the Martin act, being repealed by the General Tax act, that article 4, section 7, of the constitution, which inhibits the revival of acts by reference to their title, and provides that an act revived shall be inserted at length, operates to invalidate the act of June 2d, 1905, because it attempts to revive the Martin act without

inserting its provisions at length. However, it is not necessary to examine this contention, because, as I view it, the Martin act was never repealed by the General Tax act, and, consequently, there is no attempt by the act of June 2d, 1905, to revive any defunct act.

These views lead to the conclusion that the sale in question was lawful, and that, therefore, the complainant's bill should be dismissed.